**Barkat U. KHAN and Khan & Associates, Inc., Plaintiffs–Appellants,**

v.

**STATE OIL COMPANY, Defendant–Appellee.**

**No. 96–1309.**

United States Court of Appeals, Seventh Circuit.

Submitted March 20, 1998

Decided May 5, 1998.

---

Anthony S. DiVincenzo (submitted), Campbell & DiVencenzo, Chicago, IL, David C. Bogan, Davis, Mannix & McGrath, Chicago, IL, for Plaintiffs–Appellants.

Paul T. Kalinich (submitted), Kalinich & McCluskey, P.C., Glen Ellyn, IL, John Baumgartner, Churchill, Baumgartner & Quinn, Grayslake, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.

POSNER, Chief Judge.

This case is before us on remand from the Supreme Court, which, overruling *Albrecht v. Herald Co.*, 390 U.S. 145, 88 S.Ct. 869, 19 L.Ed.2d 998 (1968), vacated —— U.S. ——, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997) our decision reported at 93 F.3d 1358 (7th Cir. 1996). The plaintiffs (collectively "Khan") operated a gas station under contract with the defendant, State Oil Company, whereby State Oil sold Khan gasoline for 3.25 cents less than the retail price suggested by State Oil. Khan was free to charge less than the suggested retail price, though if he did so his profit margin would be reduced—to zero or below if he charged a price 3.25 cents or more below the suggested retail price. But if Khan tried to charge more than the suggested retail price, then the contract required him to rebate to State Oil the difference. This placed an effective ceiling on his retail pricing, which we held, in reliance on *Albrecht*, violated section 1 of the Sherman Act, 15 U.S.C. § 1, per se.

The Supreme Court remanded for consideration of whether State Oil's maximum price-fixing violated the Sherman Act under the "Rule of Reason," as distinct from the per se rule, but Khan does not pursue this avenue of relief in the brief that he has filed with us on remand, and we consider it waived. He argues instead that we should return the case to the district court for trial on the theory that the contract placed a floor under his retail price, thus violating the per se rule, left undisturbed by the Supreme Court, against fixing a retailer's minimum

price. Although this theory was not emphasized in the previous stages of this litigation, it was mentioned by the district court and we cannot say that it has been waived. But it is plainly without merit.

■ Khan argues as follows. (1) He was required by the contract to buy gasoline only from State Oil. (2) The suggested retail price was only 3.25 cents higher than the wholesale price that Khan had to pay, so, as a practical matter, he could not afford to sell below the suggested retail price, which thus became his floor price (as well as his lawful ceiling price), since he could not seek a lower price from some other supplier. (3) He could not make up any lost margin on gasoline that he sold below the suggested retail price by selling other grades of gasoline above the suggested retail price, since that would have violated the contract.

Argument (3) is flatly inconsistent with the Supreme Court's decision, for it would convert every maximum price-fixing case into a minimum price-fixing case. It is always possible that the retailer would have used profits obtained by piercing the ceiling imposed on him by his supplier to finance a low-price strategy in some other area of his business.

■ Argument (2) is frivolous, because it amounts to saying that a supplier must reduce his price to his retailer in order to enable the retailer to cut prices without sacrifice of margin. A supplier is free to charge any price he wants to his retailers. The fact that the higher that price is, the higher the retailer's price will have to be unless he is willing to sell below his cost has never been thought to be price-fixing. Suppose State Oil's suggested retail price for some grade of gasoline was $1 per gallon. Then its price to Khan would have been 96.75¢. If Khan had wanted to sell the gasoline for only 50¢, would this mean that State Oil would be required by the Sherman Act to reduce its price to Khan to 46.75¢, so that Khan's margin would be unimpaired? That is the implication of Khan's argument, and it has no basis in antitrust law. We actually addressed the argument in our previous opinion, noting that "a supplier is under no obligation to lower his price to his customer just because the customer wants to resell the supplier's product for less than the supplier has suggested without sacrificing any of his profit margin." *Khan v. State Oil Co.*, *supra*, 93 F.3d at 1360. Nothing in the Supreme Court's opinion suggests that this statement was in error, and we reaffirm it today.

We must consider, however, whether the exclusivity feature in State Oil's contract with Khan can make these very bad arguments good. We think not. Khan does not tell us what the term of the contract is or whether it was terminable without penalty before expiration. Even if it was a long-term contract, there would be no basis for presuming in the absence of evidence (and there is no evidence bearing on this issue) that the effect was to interfere with the competitive pricing of gasoline. There is no suggestion of collusion among suppliers of gasoline, and in the absence of collusion a dealer who wanted to pursue a low-price strategy could seek out a supplier who shared his goals.

For these reasons and those stated by the Supreme Court, by us in our previous decision, and by the district court, we conclude that the suit has no merit, and so the case is remanded to the district court with directions to enter judgment for the defendant and dismiss the suit.